FILED
SUPERIOR COURT
OF GUAM

2019 JUN -7 PM 3: 27

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SAING KUI KIM,<br><br>Plaintiff,<br><br>vs.<br><br>JAEUN KATHY YU,<br><br>Defendant. | DOMESTIC CASE NO. DM0472-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 15, 2019 and March 29, 2019, for hearing on Defendant Jaeun Kathy Yu's ("Defendant") Motion for Spousal Support *Pendente Lite*. Defendant was present with counsel, Vanessa L. Williams, and Plaintiff Saing Kui Kim ("Plaintiff") was present with counsel Joaquin C. Arriola, Jr. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On August 17, 2018, Plaintiff initiated this action by filing a Complaint for Divorce and Support. On November 16, 2018, Defendant filed a Motion for Spousal Support Pendente Lite and Motion to Shorten Time. The Court subsequently issued an Order Shortening the Briefing Period on the Motion for Spousal Support, and set the matter for a Motion Hearing on December 14, 2018. On December 10, 2018, Plaintiff filed his Opposition to the Motion for

*Kim v. Yu*
DM0472-18
Decision and Order

Support. On December 13, 2018, Defendant filed her Reply. After several continuances, the Court heard sworn testimony from both parties on February 15, 2019. Upon completion of the February 15, 2019 hearing, the Court invited the parties to submit proposed decision and orders.

On March 1, 2019, Defendant filed her Proposed Order After Hearing as well as a Declaration. On March 5, 2019, Plaintiff filed his Proposed Decision and Order, and an Objection to Defendant's Proposed Order After Hearing and Declaration. On March 15, 2019, Plaintiff filed a Motion to Strike Defendant's Declaration and Proposed Decision and Order, or in the Alternative, Set the Matter for Further Evidentiary Hearing. On March 29, 2019, the Court held a second evidentiary hearing and heard more sworn testimony from both parties. The Court then placed the matter under advisement.

## FINDINGS OF FACT

By a preponderance of evidence, the Court makes the following findings of fact:

1. Plaintiff and Defendant were married on December 28, 2009 and separated on June 30, 2018.

2. The parties have the following community assets and debts:

   a. MTM Building and MTM Laundry, together with business interests in MTM Laundry and Building.

   b. Coast 360 Loan (Machines for SK Laundromat) at $4,212.50 monthly, secured by MTM Building and Lot – paid by Defendant.

   c. Leasehold interest in Barrigada Plaza (SK Building and SK Laundromat).

   d. Barrigada Plaza Lease at $4,254.30 monthly – paid by Plaintiff.

   e. Bank of Guam Loan (SK Laundromat) at $1,988.00 monthly – paid by Plaintiff.

   f. Townhouse (Machines for MTM Laundromat) at $8,864.12 monthly – paid by Plaintiff.

   g. *In re JAEUN KATHY YU,* Bankruptcy Case No. 17-00096, U.S. District Court of Guam at $3,100.00 monthly – paid by Defendant.

3. The Townhouse debt was paid in full by Defendant, and matured in December 2018.

4. Defendant also lists a monthly debt of $855.30 personal loan to her son, Ken Navarette, which is disputed by Plaintiff as a joint debt.

5. In total, the parties have $13,554.80 of undisputed current joint debt (Coast 360 Loan, Bankruptcy Court Payment, Barrigada Plaza Lease, and the Bank of Guam Loan). At the time of separation, the total amount of joint monthly debt was $22,418.92.

6. Plaintiff pays $6,242.30 in monthly joint debt (Barrigada Plaza Lease and Bank of Guam Loan). Defendant pays $7,315.50 in monthly joint debt (Coast 360 Loan and the Bankruptcy Court Payment).

7. After the parties separated, Defendant paid a total of $53,184.72 for the Town House joint debt (July, August, September, October, November, December).

8. At the time of separation, Defendant had two Lexus vehicles, one of which no longer works and was sold back to the dealer.

9. After separation, Plaintiff assumed control of SK Laundromat and Defendant assumed control over MTM Laundromat.

10. Defendant testified that in December 2018, she purchased 11 additional laundry machines for MTM for about $2,000.00 each.

11. Plaintiff testified that the GRT filings for Barrigada Plaza, SK Laundromat, and SK Market provide an average monthly income of $43,222.00.

12. Plaintiff testified that the monthly business expenses for Barrigada Plaza SK Laundromat and Market total $42,023.61, which includes the joint debts of the Barrigada Plaza Lease of $4,254.30 and the Bank of Guam Loan of $1,988.00.

13. Plaintiff testified that the monthly expenses for SK Laundromat were about the same as MTM Laundromat.

14. Plaintiff testified that he has monthly personal living expenses in the amount of $4,168.00, broken down as follows:

| | | |
|---|---|---|
| a. | Rental Apartment & Utilities | $1,150.00 |
| b. | Auto Loan | $750.00 |
| c. | Auto Insurance/Maintenance | $150.00 |
| d. | Cell Phone | $ 88.00 |

|   | e. | Food/Groceries/Household | $500.00 |
|---|----|-------------------------|---------|
|   | f. | Dining/Entertainment | $1,000.00 |
|   | g. | Water | $90.00 |
|   | h. | Prescriptions/Drugs | $50.00 |
|   | i. | Family donations/gifts | $300.00 |
|   | j. | Medical/Dental/Healthcare | $60.00 |
|   | k. | Salon/Spa | $30.00 |

15. Plaintiff testified that when the parties first separated, he moved out of the marital residence at MTM Building and initially stayed in a back room at SK Market, but has since moved into his own two bedroom apartment.

16. Defendant testified that MTM Market pays $4,000 per month in rent, and that three apartment units in MTM Building are rented to one tenant for $2,000 per month.

17. Defendant testified that from January to April 2018, her GRT filing indicated gross income of $4,000 per month, from May to July 2018, $6,000 per month, and that between August 2018 and February 2019, her GRT filings averaged $20,000.

18. Defendant testified that from January to July 2018, the MTM Laundromat was operating but that Plaintiff took all the earnings and Defendant only took the rental amounts from the MTM Building totaling $4,000 to $6,000.

19. Defendant testified that she believed Plaintiff filed all GRTs for MTM Laundromat.

20. Plaintiff testified that Defendant normally filed all GRTs for MTM Laundromat. Plaintiff testified that he was still working at MTM Laundromat from January through June 2018, when he started working at SK Laundromat.

21. Defendant testified that MTM Laundromat's monthly expenses total $29,012.04. The monthly expenses include a $3,500 payment for new LG Washing Machines purchased in October 2018. Defendant testified that she ordered 21 machines, but only 11 were delivered. Defendant testified that she paid $2,200 for each machine, totaling $24,000 for the 11 machines delivered. Defendant testified that she paid for this by taking advance in rent from MTM Market. Defendant testified that she still owes payment for the remaining 10 machines, which represents the $3,500 monthly expense for the

Washer and Dryer Machines in her Declaration. Defendant could not remember how many machines MTM Laundromat currently has.

22. Defendant testified that she has monthly personal living expenses in the amount of $10,493.88, broken down as follows:

| | | |
|---|---|---|
| a. | Bankruptcy Trustee | $3,100.00 |
| b. | Ken Navarete | $831.38 |
| c. | Coast 360 Loan | $4,212.50 |
| d. | Golf | $300.00 |
| e. | Food | $1,500.00 |
| f. | Church | $400.00 |
| g. | Vehicle Insurance | $150.00 |

23. Defendant testified that she took an advance in rental income totaling $34,000 in order to make significant payments for the parties' installment debts. Defendant also testified that she got a $500 loan from Mr. Yu.

24. Plaintiff testified that SK Laundromat has approximately 30 dryers, 15 large washing machines and 25 small washing machines.

25. Plaintiff testified that MTM Laundromat has approximately 20 dryers, 15 large washing machines, and 25 small washing machines.

## DISCUSSION

Defendant moves the Court for spousal support *pendente lite* in the amount of $12,000 per month. *See* Mot. Spousal Support, Nov. 16, 2018; Proposed Order After Hearing, Mar. 1, 2019. Plaintiff objects, and submitted at the hearing that $2,000 a month in temporary spousal support would be reasonable.

Under Guam law, during the pendency of a dissolution action, "the court may, in its discretion, require the husband . . . to pay as alimony any money necessary for the prosecution of the action and for the support and maintenance." 19 G.C.A. § 8402. "The purpose of temporary spousal support is to enable the economically dependent spouse to live in his or her accustomed manner while the divorce action is pending." *Malabanan v. Malabanan*, 2013 Guam 30 ¶ 28 (citing *Whelan v. Whelan*, 197 P.3d 361- 362-63 (Cal. D.Ct. App. 1948)). "In determining an amount of spousal support, the trial court must exercise its sound discretion,

taking into consideration the circumstances of the parties, their necessities, and ability to pay." *Cruz v. Cruz*, 2005 Guam 3 ¶ 10 (citation omitted). "This requires examination of the parties' respective incomes and earning abilities, the property each possesses, and their needs." *Id.* *See also Kang v. Kang*, 2014 Guam 25 ¶ 20 (The court may consider factors such as "the parties' standard of living, the length of marriage, and the age, education, and ability of both parties.").

In this case, both parties currently operate business ventures at their respective locations, earning income from rentals, laundromat services, and retail markets. The parties, however, dispute the potential earning income of the MTM Laundromat as well as who was in charge of the finances and the day-to-day operations of both laundromats prior to the parties' separation. Since separation, Defendant has taken significant advances from rental income and borrowed money from other sources to pay off community debt, including over fifty thousand dollars for the Townhouse Loan. At this time, Defendant's need to exclusively manage a business requires additional resources that are more available to Plaintiff. Therefore, the Court, in considering the parties' respective incomes, earning abilities, property possessed, and their needs, finds it appropriate for Plaintiff to pay $7,500 per month in spousal support, *pendente lite*, commencing June 15, 2019.

## CONCLUSION

For the foregoing reasons, the Court hereby orders Plaintiff to pay $7,500 in spousal support per month, *pendente lite*, commencing on July 1, 2019.

Further Proceedings are set for June 27, 2019 at 2:00 p.m. Parties should come prepared to address the immediate calendaring of Bench Trial in this matter.

**IT IS SO ORDERED** this 7th day of June, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

Joaquin C. Arriola Jr.,
Vanessa L. Williams
Date 6-7-19 Time 4pm

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*Kim v. Yu*
DM0472-18
Decision and Order